ꞮLLᴅ
10/30/2020 10:11 AM    Case 5:20-cv-01383-JKP-ESC    Document 1-2    Filed 12/03/20    Page 1 of 34
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles
W/ JD

CAUSE NO. **2020CI21172**

| | | |
|---|---|---|
| **DEBRA ALDACO,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| | § | |
| **VS.** | § | 408th   **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WALMART, INC.,** | § | |
| *DEFENDANT* | § | **BEXAR COUNTY, TEXAS** |

---

**PLAINTIFF'S FIRST PETITION,**
**TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,**
**TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

　　**NOW COMES DEBRA ALDACO**, hereinafter referred to by name or as Plaintiff, and

complains of **WALMART, INC.**, hereinafter referred to by name or as Defendant, and for cause

of action would respectfully show unto the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

**1.**　　Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS

RULES OF CIVIL PROCEDURE.

**II.**
**PARTIES**

**2.**　　Plaintiff **DEBRA ALDACO** is an individual residing in Bexar County, Texas.

**3.**　　Defendant **WALMART, INC.,** is a foreign for-profit corporation who conducts business

and maintains significant contacts in the State of Texas. This Defendant **WALMART, INC.** may

be served with process through its registered agent, CT Corporation, at 1999 Bryan St., Ste. 900

Dallas, Texas 75201-3136.

## III.
## JURISDICTION & VENUE

4.      This Court has jurisdiction over the parties because the amount in controversy is within the

jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because

Defendant is a Texas resident and/or does business in the State of Texas.

5.      Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL

PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred

in Bexar County, Texas.

## IV.
## FACTS

6.      On or about March 26, 2020, Plaintiff **DEBRA ALDACO** was a patron at the

**WALMART, INC.**, located at 1200 SE Military Dr., San Antonio, TX 78214 in San Antonio,

Texas. Further, Defendant **WALMART, INC.**, was responsible, maintained, owned, and assumed

control of the premises located in San Antonio, Texas. As such, Plaintiff was a business invitee to

whom Defendant owed a duty of care to protect her from injury. Plaintiff **DEBRA ALDACO** was

in the store walking when she slipped and fell on wet premises causing severe injuries to her body,

as more fully set forth below.

7.      As a result, **MS. DEBRA ALDACO** sustained significant injuries to her body, in addition

to a fractured tibia. Defendants breached the duty of care they owed to Plaintiff as a business

invitee and were both negligent and grossly negligent in their failure to exercise ordinary care in

the safety of Plaintiff. The unreasonably dangerous condition resulting from the improperly

maintained threshold on **WALMART'S** premises proximately caused Plaintiff's injuries. Plaintiff

seeks all applicable damages available under Texas law.

## V.

## CAUSES OF ACTION AGAINST
## DEFENDANT WALMART, INC

### A.    PREMISES LIABILITY

**8.**      On or about March 26, 2020, Defendant **WALMART, INC.,** was responsible, maintained,

owned, and assumed control of the premises located on located at 1200 SE Military Dr., San

Antonio, TX 78214, that forms the basis of this suit. The plaintiff was an invitee on the premises,

because she entered the Defendant's premises with Defendant's knowledge and for the economic

benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately

warn her of conditions on the premises posing an unreasonable risk of harm or to make the

condition reasonably safe. Defendant knew or should have known that the threshold, where

Plaintiff fell, was not properly maintained and contained spill on the floor, such it created a

dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly

situated. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn

the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff

seeks all applicable damages available under Texas Law.

## VI.
## DAMAGES

**9.**      As a direct and proximate result of the conduct of Defendant and their agents, servants,

and employees, Plaintiff **DEBRA ALDACO** suffered bodily injuries as reflected in the medical

records from the health care providers that have treated the injuries since the incident. The injuries

may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-

being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered

and may continue to suffer into the future, physical pain and mental anguish. As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

**10.**     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

**11.**     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.

## INTEREST

**12.**     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

**13.**     Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

**14.**     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested

to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

15.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## ATTACHED DISCOVERY

16.    Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendants are requested to answer/respond within fifty (50) days of service hereof:

a.    Plaintiff's First Set of Interrogatories to Defendant **WALMART, INC.**
b.    Plaintiff's First Requests for Production to Defendant **WALMART, INC.**
c.    Plaintiff's First Requests for Admissions to Defendant **WALMART, INC.**

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;

6.      Future medical expenses;
7.      Physical impairment in the past;
8.      Physical impairment in the future;
9.      Physical disfigurement in the past;
10.     Physical disfigurement in the future;
11.     Lost wages in the past;
12.     Loss of future wage earning capacity;
13.     Pre-judgment interest;
14.     Post-judgment interest.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
5711 UNIVERSITY HEIGHTS BLVD STE. 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000; FAX: (877) 513-1359

BY:     /s/ *Jenna R. Cornejo*
        JENNA R. CORNEJO
        STATE BAR NO. 24113694
        *email: jcornejo-svc@thomasjhenrylaw.com*
        ATTORNEYS FOR PLAINTIFF

        *   service by email to this address only

CAUSE NO. _____

| | | |
|---|---|---|
| **DEBRA ALDACO,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WALMART, INC.,** | § | |
| *DEFENDANT* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WALMART, INC.

**TO:   DEFENDANT WALMART, INC.,** by and through its registered agent, CT Corporation, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

Pursuant to Rule 198, TEXAS RULES OF CIVIL PROCEDURE, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
5711 UNIVERSITY HEIGHTS BLVD STE. 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000; FAX: (877) 513-1359

BY:     /s/ *Jenna R. Cornejo*
        JENNA R. CORNEJO
        STATE BAR NO. 24113694
        *email: jcornejo-svc@thomasjhenrylaw.com*
        ATTORNEYS FOR PLAINTIFF

     *   service by email to this address only

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.    In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

(a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)     the title, heading, or caption, if any, of such document;
(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;
(iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;
(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;
(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and
(vii)   the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

(a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants

have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     The "wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **March 26, 2020,** through the date of production of responses requested herein.

## REQUESTS FOR ADMISSIONS

1.     Admit that the Defendant was the owner of the premises on the date of the incident made the basis of Plaintiff's suit.

**ADMIT OR DENY:**

2.     Admit that **WALMART, INC.** owns the property located on 1200 SE Military Dr., San Antonio, TX 78214.

**ADMIT OR DENY:**

3.     Admit that the Defendant did not have any warning sings providing notice to Plaintiff regarding the condition of the premises.

**ADMIT OR DENY:**

4.     Admit that the Plaintiff had entered upon the premises by your express invitation.

**ADMIT OR DENY:**

5.     Admit that the Defendant had not inspected and/or tested the premises on **MARCH 26, 2020** or never inspected the premises at all.

**ADMIT OR DENY:**

6.     Admit that the Defendant improperly maintained the floor.

**ADMIT OR DENY:**

7.     Admit that the Defendant did not have boundaries or warning signs to protect the Plaintiff.

**ADMIT OR DENY:**

8.     Admit that the Defendant did not institute any training procedures of your employees with regard to the non-employee invitee's presence on the premises to prevent occurrences and/or incidents such as those made the basis of Plaintiff's suit.

**ADMIT OR DENY:**

9.     Admit that the Defendant had no warning signs or other tangible things on or near the premises at the time and date of the injury.

**ADMIT OR DENY:**

10.   Admit that the Plaintiff was a business invitee of the Defendant on the date of the incident in question.

**ADMIT OR DENY:**

11.   Admit that the Defendant sends an inspector to inspect the property located on 1200 SE Military Dr., San Antonio, TX 78214, weekly, monthly, quarterly, or yearly.

**ADMIT OR DENY:**

## CAUSE NO. _____

| | | |
|---|---|---|
| **DEBRA ALDACO,**<br>*PLAINTIFF* | §<br>§<br>§ | **IN THE COUNTY COURT** |
| | §<br>§ | **____TH JUDICIAL DISTRICT** |
| **VS.** | §<br>§ | |
| | §<br>§ | |
| **WALMART, INC.,**<br>*DEFENDANT* | §<br>§ | **BEXAR COUNTY, TEXAS** |

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT WALMART, INC.

---

**TO:**  **DEFENDANT WALMART, INC.,** by and through its registered agent, CT Corporation, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to

---

conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiff designates fifty (50) days after these requests for discovery and inspection. Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
5711 UNIVERSITY HEIGHTS BLVD STE. 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000; FAX: (877) 513-1359

BY:     /s/ *Jenna R. Cornejo*
        JENNA R. CORNEJO
        STATE BAR NO. 24113694
        *email: jcornejo-svc@thomasjhenrylaw.com*
        ATTORNEYS FOR PLAINTIFF

        *   service by email to this address only

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.   "Identify" or "Identification":

   a.      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   b.      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

   c.      When used in reference to a document, "identify" or "identification" shall include statement of the following:

      i.      the title, heading, or caption, if any, of such document;

      ii.     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

      iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

      iv.     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

      v.      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      vi.     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

      vii.    the physical location of the document and the name of its custodian or custodians.

6.   "Settlement": as used herein, means:

   a.      An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.   Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **March 26, 2020**, through the date of production of responses requested herein.

## FIRST REQUEST FOR PRODUCTION

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

2. All photographs taken of the scene of Plaintiff's slip and fall or the surrounding area of the scene of Plaintiff's slip and fall in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3. All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5. All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6. All oral statements made by the Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7. All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8. All oral, taped or recorded statements made by any witnesses to the accident that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9. A copy of the policy or policies of liability insurance providing coverage to the Defendant on **MARCH 26, 2020**.

10. A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the **MARCH 26, 2020**.

11. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about the Plaintiff which are in the

possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

12. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the Defendant advise the Plaintiff accordingly and reduce such material to a tangible form).

13. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

14. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of defendant's that Defendant prepared as a result of the Plaintiff's slip and fall at **WALMART** located on 1200 SE Military Dr., San Antonio, TX 78214 on **MARCH 26, 2020**.

15. Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any equipment or structure involved in the accident made the basis of Plaintiff's lawsuit.

16. Copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the accident made the basis of Plaintiff's lawsuit.

17. Copies of any contracts or agreements between Defendant and any maintenance, repair service, or cleaning service in effect on **MARCH 26, 2020**.

18. Copies of any indemnity agreement between Defendant and any other parties.

19. Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

20. Copies of any and all tangible things whose production has not been requested previously in this or other request which Defendant does not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

21. Copies of the architectural plans and drawings for the premises in question, specifically with respect to the location where the plaintiff was injured.

24. Any indemnity agreement between any party to this case and non-party which is relevant to the incident and injuries made the basis of this lawsuit.

26.    Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, repair, service, care, and maintenance of the premises in question.

27.    Copies of any surveillance tapes, movies or photos of the Plaintiff.

28.    Any training manuals, videos, policies, rules, management guidelines, operating guidelines, policies and procedures, or other documents that purport to show procedures for invitee safety, and preventing, responding to, and reporting invitee or contractor injuries.

29.    All inspection / maintenance / cleaning logs for the area where the incident occurred for the last five (5) years.

30.    All inspection / maintenance / cleaning logs for the gate where the incident occurred for the last five (5) years.

31.    Contractual agreements between any third-party cleaning service and **WALMART** on 1200 SE Military Dr., San Antonio, TX 78214 for the day of the incident or prior to the day of the incident, dating back for the last five (5) years.

CAUSE NO. _____

| | | |
|---|---|---|
| **DEBRA ALDACO,** | § | **IN THE COUNTY COURT** |
| *PLAINTIFF* | § | |
| | § | |
| | § | ____**TH JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| | § | |
| **WALMART, INC.,** | § | |
| *DEFENDANT* | § | **BEXAR COUNTY, TEXAS** |

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WALMART, INC.

---

**TO:   DEFENDANT WALMART, INC.,** by and through its registered agent, CT Corporation, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE.  Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
5711 UNIVERSITY HEIGHTS BLVD STE. 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000; FAX: (877) 513-1359

BY:     /s/ *Jenna R. Cornejo*
         **JENNA R. CORNEJO**
         **STATE BAR NO. 24113694**
         *email: jcornejo-svc@thomasjhenrylaw.com*
         **ATTORNEYS FOR PLAINTIFF**

**\*  service by email to this address only**

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

    a.    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.    the title, heading, or caption, if any, of such document;

        ii.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        vii.    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

    a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.   Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **March 26, 2020**, through the date of production of responses requested herein.

## INTERROGATORIES

1.    To the individual answering these interrogatories on behalf of Defendant, please state, your name, address, job title and position.

**ANSWER:**

2.    If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER:**

3.    State precisely each and every act or omission on the part of any person that you believe constitutes negligence or that in any way contributed to cause the incident in question, including but not limited to, acts or omissions of negligee of anyone whether  party or nonparty, potential Third-Parties, sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

4.    Were any inspections performed by the Defendant, or any other person, company, or entity, for the purpose of determining whether the **WALMART** located on 1200 SE Military Dr., San Antonio, TX 78214 was reasonably safe for its intended use and/or any misuse foreseen by you? If so please set forth:

    a.    A description of each such inspection conducted and the dates of the same;

    b.    A description of any written protocol or format pertaining to each such test or inspection;

    c.    The means by which such test or inspection was evaluated;

    d.    The results of any such inspection; and

    e.    The names, address and phone number of the person or persons responsible for conducting the inspections and/or interpreting the results, or who have possession of the files.

**ANSWER:**

5.      List all persons in charge of safety at the site where the incident occurred, the role and function of the safety or risk management division, including but not limited to the name of the division, all employees within this division, the procedures which are carried out, the day-to-day function of this division, and your role, if any, in the safety division.

**ANSWER:**

6.      Identify the Risk Manager for the Walmart located on 1200 SE Military Dr., San Antonio, TX 78214 where the incident made the basis of this lawsuit occurred.

**ANSWER:**

7.      Do you have a video tape(s) / photographs of the incident in question?  If so, identify the person(s) who is responsible for maintaining possession of any such tape / photograph on behalf of the **WALMART** located on 1200 SE Military Dr., San Antonio, TX 78214.

**ANSWER:**

8.      Did you conduct an investigation regarding Plaintiff's slip and fall near the exit on the floor of the **WALMART** located on 1200 SE Military Dr., San Antonio, TX 78214 on **MARCH 26, 2020**, if so, please identify the name, address, and telephone number of the person(s) performing such investigation, and whether an incident report(s) was prepared as a result of the investigation, whether a written report of the investigation was furnished to the Defendant, and the substance of any written reports of the investigation furnished to Defendant.

**ANSWER:**

9.      Please identify and describe in detail any previous slip and falls on the floor of **WALMART** located on 1200 SE Military Dr., San Antonio, TX 78214, which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation during the past five (5) years to present.

**ANSWER:**

10.   Please describe any and all training, instructions, and/or warnings given to employees, servants, workers, or contractors of Defendant, prior to the incident relating to inspections or maintenance of the premises.

**ANSWER:**

11.   State the name, address, and telephone number of (1) the manager of the premises on the date of the incident, (2) the employee in charge of the area where the incident happened, (3) any employees of Defendant who spoke to Plaintiff or anyone with Plaintiff, and (4) all employees who witnessed any part of the incident.

**ANSWER:**

12.   State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s). Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

**ANSWER:**

13.   Please describe in detail the cleaning solvent(s) used to clean the floor of the **WALMART** located on 1200 SE Military Dr., San Antonio, TX 78214 on the day of the incident or prior to the day of the incident.

**ANSWER:**

## <u>VERIFICATION</u>

THE STATE OF _____ §
                                 §
COUNTY OF _____ §

        **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.

_____
**Signature**

_____
**Print**

THE STATE OF _____ §
                                   §
COUNTY OF _____ §

        **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

        **SUBSCRIBED AND SWORN TO on the _____ day of _____, 2020.**

_____
**Notary Public, State of Texas**

My Commission Expires: _____

FILED
11/19/2020 3:07 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:20-cv-01383-JKP-ESC   Document 1-2   Filed 12/03/20   Page 30 of 34

CAUSE NO. 2020CI21172

| | | |
|---|---|---|
| DEBRA ALDACO | § | IN THE DISTRICT OF |
| | § | |
| v. | § | 408TH  JUDICIAL DISTRICT |
| | § | |
| WALMART, INC. | § | BEXAR COUNTY, TEXAS |

## <u>DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND<br>IN RESPONSE TO PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WALMART, INC., Defendant in the above entitled and numbered cause, and files this Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

I.
### <u>GENERAL DENIAL</u>

Defendant herein avails Defendant of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

II.
### <u>AFFIRMATIVE DEFENSES</u>

2.01    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff, to the extent the jury finds that Plaintiff failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue and that Plaintiff's acts and omissions, whether taken together or separately, proximately caused the occurrence and thus the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

-1-

2.02     For further answer, if such be necessary, and pleading in the alternative, Defendant

further affirmatively alleges that this case is governed by the 1995 Tort Reform Amendments and

2003's HB4.  As a consequence:

(a)     Plaintiff may not recover any amount of damages if their percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.  Tex. Civ. Prac. & Rem. Code §33.001.

(b)     Plaintiff may not be awarded exemplary damages unless they establish by clear and convincing evidence that Defendant acted with malice, which Defendant denies. Tex. Civ. Prac. & Rem. Code §41.003.  Defendant further requests that the jury be instructed as required by Tex. Civ. Prac. & Rem. Code §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant denies.

(c)      Defendant further affirmatively alleges that in accordance with Texas Civil Practice and Remedies Code §33.013, a defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of that defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%). Accordingly, Defendant specifically denies any claims for the imposition of joint and several liability against it.

2.03     For further answer, if such be necessary, and pleading in the alternative, Defendant

further affirmatively alleges that the act or omission of a person other than Defendant was the sole

proximate cause of the accident in question.

2.04     For further answer, if such be necessary, and pleading in the alternative, Defendant

further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the

unlikely event that liability is established by the Plaintiff in this cause.

2.05     For further answer, if such be necessary, and pleading in the alternative, Defendant

further affirmatively alleges that the acts or omissions of Plaintiff or of other third parties were the

sole proximate cause or a new and independent cause of the accident and injuries complained of

in this lawsuit.

2.06    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that Plaintiff's recovery, if any, of past medical expenses shall be reduced to the amount paid or incurred by Plaintiff or on behalf of Plaintiff pursuant to Section 41.0105 of the Tex. Civ. Prac. & Rem. Code.

2.07    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the jury finds that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

2.08    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges some or all of the incapacity, disability and physical infirmities complained of by Plaintiff in this suit are the result of pre-existing injuries, conditions, infirmities, ailments, diseases or disabilities which were not caused or produced by or a result of the accident alleged by Plaintiff.  Therefore, Plaintiff's monetary recovery, if any, should be diminished by the proportion of damages assigned to causes other than the Defendant's alleged negligence.

2.09    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that, pursuant to Tex. Civ. Prac. & Rem. Code §18.091, if Plaintiff seeks to recover for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance, Plaintiff must prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax law. Defendant further requests the Court, pursuant to Tex. Civ. Prac. & Rem. Code §18.091 to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

2.10    For further answer, if such be necessary, and pleading in the alternative, Defendant

further specifically denies that it is liable for prejudgment interest in this cause of action as pled

by Plaintiff, in a good faith argument for the modification or reversal of existing law.

III.

JURY DEMAND

Defendant requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant prays that upon final trial and hearing hereof, Defendant have

judgment in accordance with the law and facts in accordance with same as found by this Honorable

Court and/or Jury, and for such other and further relief, legal or equitable, general or special, to

which Defendant may show itself justly entitled to receive.

Respectfully submitted,

COLVIN, SAENZ, RODRIGUEZ & KENNAMER LLP


By:___/s/ JAIME A. SAENZ_____
        JAIME A. SAENZ
        Texas Bar No. 17514859
        Email: ja.saenz.rcclaw.com
        ELIZABETH FERGUSON HERRERA
        Texas Bar No. 24087716
        Email: e.herrera@rcclaw.com
        1201 East Van Buren Street
        Brownsville, TX 78520
        (956) 542-7441
        Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT
WALMART, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

JENNA R. CORNEJO
Email: jcornejo-svc@thomasjhenrylaw.com
LAW OFFICES OF THOMAS J. HENRY
5711 UNIVERSITY HEIGHTS BLVD STE. 101
SAN ANTONIO, TEXAS, 78249
(210) 656-1000
Fax (877) 513-1359

by ECF delivery, electronic transmission, certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 19th day of November, 2020.

/s/ *JAIME A. SAENZ*
JAIME A. SAENZ